IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| AISHA S. BARKER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,[1]<br><br>　　　　Defendant. | No. C13-2006<br><br>RULING ON MOTION FOR REMAND |

This matter comes before the Court on the Motion for Remand (docket number 5) filed by the Commissioner of Social Security on April 1, 2013. Pursuant to 42 U.S.C. § 405(g):

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action[.] . . .

*Id.* Unlike a sentence four remand which "terminates the court's jurisdiction," a "remand under sentence six does not." *Travis v. Astrue*, 477 F.3d 1037, 1039 (8th Cir. 2007) (citation omitted). "Under sentence six, 'the district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination.'" *Id.* at 1039-40 (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)). A sentence six remand is authorized in only two limited

---

[1] Plaintiff originally filed this case against Michael J. Astrue, the Commissioner of Social Security Administration ("SSA"). On February 14, 2013, Carolyn W. Colvin became Commissioner of the SSA. The Court, therefore, substitutes Commissioner Colvin as the Defendant in this action. FED. R. CIV. P. 25(d)(1).

situations: "(1) where the Commissioner requests a remand before answering the complaint seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings." *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000) (citations omitted).

Here, the Court is presented with a hybrid of situations one and two. The Commissioner requests a pre-answer remand to allow an ALJ to review new and additional evidence submitted to the Appeals Council on August 31, 2012. Specifically, the Commissioner asserts that:

> The Appeals Council has notified undersigned counsel . . . that new and material evidence was submitted on August 21, 2012, from Dixon Eye Center, which was not made a part of the record and, therefore, was not considered. Thus, the Commissioner respectfully requests that the Court remand this case to the Appeals Council. Upon receipt of the court order remanding the case, the Appeals Council will remand the case to an ALJ with instructions to consider the additional evidence, offer the claimant an opportunity for a supplemental hearing, and issue a new decision.

Commissioner's Memorandum in Support of Motion to Remand (docket number 5-1) at 2. Plaintiff does not object to the Commissioner's motion. The Court finds that good cause has been shown for the Commissioner's Motion for Remand pursuant to sentence six of 42 U.S.C. § 405(g). Accordingly, the Court remands this matter to the Commissioner under sentence six of 42 U.S.C. § 405(g), for consideration of new evidence.

## ORDER

For the foregoing reasons, it is hereby **ORDERED**:

1. This matter is **REMANDED** to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. § 405(g), as discussed herein.

2. The Clerk of Court is directed to administratively close this case for statistical purposes.

3. The case may be reopened upon application by either party.

DATED this 2nd day of April, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

3

Case 6:13-cv-02006-JSS   Document 6   Filed 04/02/13   Page 3 of 3